**ROCHESTER BUTTON CO. v. BUTTON CORPORATION OF AMERICA.**

No. 960.

District Court, D. New Jersey.

Jan. 5, 1944.

Pitney, Hardin & Ward, and Arthur J. Martin, Jr., all of Newark, N. J., and Harold T. Stowell, of Washington, D. C., for plaintiff.

Harry B. Rook, of Newark, N. J., Newton A. Burgess and Hanse H. Hamilton, both of New York City, for defendant.

4

FAKE, District Judge.

This is a patent suit arising on Letters Patent No. 2,084,427, dated June 22, 1937, issued to Neil O. Broderson and assigned to plaintiff. Plaintiff complains of infringement. Defendant denies infringement and alleges invalidity of the patent.

The invention relates to a method of making buttons of plastic material. There are three claims in the patent, of which Claim 1 is typical and sufficient for present purposes. It reads as follows:

"What is claimed is:

"1. A method of producing buttons having a plurality of holes, consisting in forming a button of plastic material in a sectional mold provided on one of its sections with a plurality of tapered thread hole forming pins of a length to extend substantially through the molded button and into substantially abutting relation with a concaved surface on the other mold section to form thin films of plastic material on the button at the minor ends of the holes at the back of the button, removing the button from the mold, and then removing the said films by a tumbling action against the exterior surface of the button."

An examination of the file wrapper discloses that the applicant endeavored to obtain a claim sufficiently broad to cover the molding of a button leaving thin films of plastic material covering the bottom ends of the thread holes. The examiner refused to acquiesce in this and the applicant instructed cancellation, whereupon the examiner limited the claims to a removal of the films by tumbling. The situation thus created amounts to a file wrapper estoppel and prevents the patentee from claiming removal of the films by any other method or means than tumbling.

It appears from the findings of fact hereto annexed, that the defendant followed the practice and teaching of the patent in removing the films from thread holes from "early 1939 to about August 1939", and if the patent is valid, the defendant infringed during that period. Thereafter, however, the defendant removed the films by the use of reciprocating brushes and polished off the rough edges of the holes in the same tumbling operation resorted to for the purpose of smoothing off the edges or films left on the periphery of the buttons. By reason of the file wrapper estoppel the defendant cannot be said to infringe in this latter method since the film was removed not by tumbling but by reciprocating brushes. The tumbling method was old in the art and long had been applied to the removal of the film from the outer edges of the buttons. The polishing off of the edges of the thread holes by tumbling after the brushing operation had removed the film, was a mere application of the tumbling process to another use, not a different use, and it produced no new result. Therefore there was no infringement in this connection.

It is my view that the patent is invalid because there was nothing patentable in beating out the films at the ends of the thread holes by the process of tumbling. The method of tumbling being old when applied to the outer periphery of buttons is open for use when applied to the films at the ends of the thread holes. Moreover, it would seem to be clearly within the skill of the art.

An order will be entered in conformity herewith.